IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:99-CR-412-D |
| VS. | § | Criminal No. 3:00-CR-108-D |
| | § | |
| BRENT A. WAGMAN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM

This matter is before the court on the request of Stuart Parker, Esquire ("Parker"), attorney for defendant Brent A. Wagman ("Wagman"), for compensation in excess of the statutory maximum imposed by the Criminal Justice Act of 1964. Parker requests compensation in the amount of $9,787.57, consisting of $9,450.00 in fees and $337.57 in expenses. As required by the Fifth Circuit, the court issues this memorandum containing its recommendations and a detailed statement of reasons for certifying that the amount of excess payment is necessary to provide fair compensation in a complex case.

By the terms of 18 U.S.C. § 3006A(d)(3), compensation above $7,000 is allowable if the court certifies that it is necessary to provide fair compensation for extended or complex representation. The chief judge of the circuit must also approve the payment. There are two preconditions to excess compensation. First, the claim must be for representation *either* extended or complex in character. Second, the award of excess compensation must be necessary to provide fair compensation.

I.  Was the Representation Extended/Complex?

Representation means reasonably competent and productive effort by the attorney on behalf of his client and excludes bumbling and wasteful activity.  Extended representation is protracted representation—a substantial investment of time.  Complex representation refers to the intricacies of the case and its corresponding call on counsel's intellectual resources.  *United States v. Bailey*, 581 F.2d 984, 987 (D.C. Cir. 1978).  As earlier stated, the representation may either be extended or complex, it need not be both.  The court finds that the representation in this case was complex.

Parker was appointed to represent Wagman in prosecuting a motion under 28 U.S.C. § 2255.  Wagman was a difficult client, the most difficult in Parker's over 30 years practicing law.  This required that he devote considerable time to representing Wagman, and even the time claimed is "a very conservative estimate of the time [Parker] spent in properly representing [Wagman]."  CJA 26 Attachment.  Parker's explanation for the hours he spent representing Wagman amply demonstrates that the case qualifies as complex and that a fee of $9,450.00 is justified under the circumstances for complex representation.

II.  Is Excess Compensation Necessary
to Fair Compensation?

In its original form, § 3006A confined excess compensation to cases involving "extraordinary circumstances."  This requirement was deleted when Congress changed the section to liberalize compensation awards and thereby alleviate the burden on the bar of representing indigents accused of crime.  *Id.* at 988.  The purpose of the change was to guarantee indigents something more than the mere formal appointment of someone who just happens to be a lawyer.  The goal was to assure legal assistance that is reasonably diligent, conscientious, and competent.  According to Congressional intent demonstrated in the amendment to § 3006A, this purpose could

be accomplished only by providing some financial "encouragement" to the practicing bar to participate broadly and enthusiastically in the defense of indigent criminal defendants. *Id.* at 989, n.38. The attorney's efforts here were consonant with that intent.

Accordingly, pursuant to 18 U.S.C. § 3006A(d)(3), the court certifies that the representation by Parker was in a "complex" case, and that compensation beyond the maximum of $7,000 is necessary to fairly compensate Parker for the services that he rendered in this action. The court approves the attorney's request for fees in excess of the statutory maximum and enters this memorandum of reasons supporting the certification of $9,787.57 in fees and expenses.

September 11, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE